1    CENTER FOR DISABILITY ACCESS
     Ray Ballister, Jr., Esq., SBN 111282
2    Mark Potter, Esq., SBN 166317
     Phyl Grace, Esq., SBN 171771
3    Dennis Price, SBN 279082
     Mail: PO Box 262490
4    San Diego, CA 92196-2490
     Delivery: 9845 Erma Road, Suite 300
5    San Diego, CA 92131
     (858) 375-7385; (888) 422-5191 fax
6    phylg@potterhandy.com

7    Attorneys for Plaintiffs

8

9

10                   UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12

13   **Shirley Lindsay**,                  | **Case No.**

14          Plaintiff,                     | **Complaint For Damages And
                                           | Injunctive Relief For Violations
     v.                                    | Of**: American's With Disabilities
15                                         | Act; Unruh Civil Rights Act

16   **Susan E. Fishman,** in her
     individual and representative
17   capacity as trustee of the Susan E.
     Fishman Revocable Trust;
18   **Sitting Pretty, Inc.,** a California
     Corporation; and Does 1-10,
19
            Defendants.
20

21       Plaintiff Shirley Lindsay complains of Defendants Susan E. Fishman, in

22   her individual and representative capacity as trustee of the Susan E. Fishman

23   Revocable Trust; Sitting Pretty, Inc., a California Corporation; and Does 1-10

24   ("Defendants") and alleges as follows:

25

26       **PARTIES:**

27       1.   Plaintiff is a California resident with physical disabilities. She suffers

28   from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar

---

1

Complaint

spine; and essential hypertension) of her hands, knees, and hips. She uses both a cane and wheelchair for mobility.

2.   Defendant Susan E. Fishman, in her individual and representative capacity as trustee, owned the property located at or about 7115 Darby Avenue, Reseda, California, in April 2015.

3.   Defendant Susan E. Fishman, in her individual and representative capacity as trustee, owns the property located at or about 7115 Darby Avenue, Reseda, California, currently.

4.   Defendant Sitting Pretty, Inc. owned the Sitting Pretty furniture store ("Store") located at or about 7115 Darby Avenue, Reseda, California, in April 2015.

5.   Defendant Sitting Pretty, Inc. owns Sitting Pretty furniture store ("Store") located at or about 7115 Darby Avenue, Reseda, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans

Complaint

with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The Plaintiff went to the Store in April 2015 to shop.

11. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges and advantages offered by defendants to their customers at the Store.

13. Unfortunately, although parking spaces were one of the facilities available to patrons of the Store, there was not a single compliant accessible handicap parking space available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG) in April 2015.

14. Currently, there is no parking spaces marked and reserved for use by persons with disabilities in the parking lot serving the Store.

15. On information and belief, plaintiff alleges that an accessible parking space used to exist in the parking lot.

16. Unfortunately, the defendants had no policy to maintain the parking lot so that its parking spaces reserved for persons with disabilities were maintained in April 2015.

17. Currently, the defendants have no policy to maintain the lot so that its

Complaint

parking spaces reserved for persons with disabilities are maintained.

18. Meanwhile, the ramp from the parking area to the entrance is longer than 6 feet but does not have handrails.

19. Additionally, the ramp leading from the parking to the entrance has a slope of about 16%.

20. The plaintiff personally encountered these problems.

21. This inaccessible condition denied the plaintiff full and equal access and caused her difficulty and frustration.

22. Additionally, and even though plaintiff did not personally confront the barriers, the paths of travel in and throughout the merchandise aisles of the Store are not accessible to wheelchair users because of the configuration of the store and also because the defendants have a practice of placing merchandise and merchandise displays on the route of travel restricting passage to less than 36 inches in width.

23. Plaintiff would like to return and patronize the Store.

24. Plaintiff lives in Los Angeles County and shops, eats, seeks services, and otherwise patronizes businesses throughout the County.

25. The Store is conveniently located for plaintiff.

26. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

27. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

28. Plaintiff is and has been deterred from returning and patronizing the

Complaint

Store because of her knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize the Store as a customer once the barriers are removed.

29. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

30. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42  U.S.C. section 12101, et seq.)

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

32. Under the ADA, it is an act of discrimination to fail to ensure that the

Complaint

privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

33. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, i.e., having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

Complaint

34. Here, the lack of an accessible parking space is a violation of the law.

35. Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

36. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law.

37. Ramps with elevation changes greater than 6 inches cannot be steeper than 8.33%. 1991 Standards § 4.8.2; 2010 Standards § 405.2. However, at existing facilities, short ramps can vary a bit. A ramp that rises no more than 3 inches can have a slope as steep but no more steep than 12.5%. 1991 Standards § 4.1.6(3)(a)(ii); 2010 Standards § 405.2. A ramp that rises between 3 and 6 inches can have a slope as steep, but no more steep, than 10%. 1991 Standards § 4.1.6(3)(a)(i); 201 Standards § 405.2.

38. Here, the ramp slope does not comply with the law.

39. If a ramp run has a rise greater than 6 inches or a horizontal projection greater than 6 feet, then it must have handrails on both sides. 1991 Standards § 4.8.5; 2010 Standards § 405.8.

40. Here, the failure to provide handrails on the ramps at the front entrance is a violation of the ADA.

41. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

42. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

43. Given its location and options, plaintiff will continue to desire to patronize the Store but she has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

44. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

45. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

46. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

8

Complaint

1    3. Reasonable attorney fees, litigation expenses and costs of suit,

2    pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

3

4    Dated: February 8, 2016         CENTER FOR DISABILITY ACCESS

5

6                                    By: _____
                                     Mark Potter, Esq.
7                                    Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

Complaint